```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DEAN HANNIFORD,                                              :
                                                             :
                    Plaintiff,                               :     ORDER ADOPTING
                                                             :     REPORT AND RECOMMENDATION
      -against-                                              :
                                                             :     12 CV 0040 (PKC) (SMG)
THE CITY OF NEW YORK, DETECTIVE                              :
ROSCOE McCLEAN SHIELD NO. 7988,                              :
DETECTIVE RALPH M. SHERLOCK SHIELD                           :
NO. 6933, DETECTIVE BREINER,                                 :
DETECTIVE RONALD O'NEIL SHIELD NO.                           :
5320, SERGEANT MORGAN, AND JOHN                              :
DOES 1-6,                                                    :
                                                             :
                    Defendants.                              :
------------------------------------------------------------ X
```

PAMELA K. CHEN, United States District Court Judge:

Plaintiff Dean Hanniford commenced this action against the above-captioned Defendants, alleging federal claims based on false arrest, malicious prosecution, excessive force, cruel and unusual punishment, and First Amendment retaliation, and a State law claim alleging *respondeat superior* liability of Defendant City of New York. (Dkt. 1.) On January 27, 2014, Plaintiff moved for partial summary judgment as to his false arrest and malicious prosecution claims (Dkts. 41-43, 45-46), and Defendants moved for summary judgment as to all of Plaintiff's federal claims. (Dkts. 32-35.) On April 30, 2014, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Court referred the parties' motions to the Honorable Steven M. Gold.

On December 23, 2014, Judge Gold issued a Report and Recommendation ("Report"), in which he recommended that both parties' summary judgment motions be denied, except as to Defendant's motion relating to Plaintiff's claims for cruel and unusual punishment (Sixth Cause of Action) and First Amendment retaliation (Seventh and Eighth Causes of Action), which Judge Gold recommended be dismissed. (Dkt. 50.) Following an extension of time granted by the

Court, Defendants timely filed their objections to the Report on January 16, 2015. (Dkt. 52 (Defendant's Memorandum of Law in Support of Their Objections ("Def's Objs.")).) Plaintiff filed his memorandum in opposition to Defendants' objections and in support of the Report on January 30, 2015. (Dkt. 53.)

Applying a *de novo* review standard of review,[1] the Court adopts the Report in its entirety. The Court finds, for the reasons set forth in Judge Gold's well-reasoned decision, that there are genuinely disputed issues of material fact regarding: (1) the existence of probable cause to arrest Plaintiff both in connection with the August 5, 2009 robbery and the August 27, 2009 robbery conspiracy and criminal weapons possession; and (2) whether the Defendant-Officers used excessive force in arresting Plaintiff. (Dkt. 50 at 7-13.) The Court also adopts Judge Gold's recommendation and reasoning regarding the dismissal of Plaintiff's retaliation and cruel and unusual punishment claims. (*Id*. at 13-15.) Accordingly, the parties' respective motions for summary judgment with regard to Plaintiff's false arrest, malicious prosecution and excessive force claims are denied; and Defendants' motion with regard to Plaintiff's retaliation and cruel and unusual punishment is granted, and those claims are dismissed.

The Court writes briefly to address three issues raised by Defendants in their objections that were not explicitly addressed by Judge Gold in his decision. The resolution of these issues, however, does not affect the Court's adoption of the Report.

---

[1] *See* 28 U.S.C. § 636(b)(1)(C) (district court reviews portions of Magistrate Judge's report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ."); Fed. R. Civ. P. 72(b)(3) (district court reviews "de novo" timely objections to Magistrate Judge's recommendations).

I.  Presumption of Probable Cause Based on Indictment

Defendants argue that, with respect to Plaintiff's malicious prosecution claim, Judge Gold "failed to consider" the presumption of probable cause created by Plaintiff's indictment for criminal weapons possession on August 27, 2009. (Def's Objs. at 9-11 (citing *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)); Dkt. 34 (Memorandum of Law in Support of Defendants' Motion for Summary Judgment) at 14-15.)[2] While such a presumption was created in this case,[3] that "presumption is rebuttable, and may be overcome by evidence establishing that the police witnesses 'have not made a complete and full statement of facts . . . that they have misrepresented or falsified evidence . . . or otherwise acted in bad faith.'" *McClellan*, 439 F.3d at 146 (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) (citations omitted)); *see Manganiello*, 612 F.3d at 162 (probable cause presumption created by indictment is rebuttable by evidence that the indictment was obtained by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith") (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983) (internal quotations omitted)).

Here, Plaintiff put forth evidence that at least two Defendant-Officers, Detectives Roscoe McClenan and Ralph Sherlock, testified in the grand jury that a gun was recovered *from* Plaintiff on August 27, 2009. The existence of a factual dispute about whether Plaintiff possessed the gun

---

[2] To prove a malicious prosecution claim under New York law for purposes of Section 1983, "a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York[.]" *Savino*, 331 F.3d at 72.

[3] Notably, the probable cause presumption only applies to malicious prosecution, and not false arrest, claims. *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) ("[T]he New York Court of Appeals has expressly held that the presumption of probable cause arising from an indictment applies only in causes of action for malicious prosecution and is totally misplaced when applied in false [arrest] actions.") (quoting *Savino*, 331 F.3d at 75 (internal quotations omitted)).

seized on August 27, 2009 gives rise to a corresponding factual dispute about whether Detectives McClenan and Sherlock lied in the grand jury when they testified that the gun was recovered from Plaintiff. Similarly, because probable cause that Plaintiff possessed the gun is a disputed material fact, the element of "actual malice" also becomes an issue of disputed material fact. *Sankar v. City of New York*, 867 F. Supp.2d 297, 312 (E.D.N.Y. 2012) ("Where, as here, the Court 'find[s] an issue of material fact as to probable cause, the element of malice also becomes an issue of material fact as well.'") (quoting *Boyd*, 336 F.3d at 78)); *see Manganiello*, 612 F.3d at 162 ("actual malice" is an element of a malicious prosecution claim under New York law). Accordingly, the presumption of probable cause created by Plaintiff's indictment for criminal weapons possession is insufficient to establish probable cause for purposes of summary judgment because of the disputed facts about the conduct of the Defendant-Officers during the grand jury proceedings. *See Manganiello*, 612 F.3d at 162 (jury's finding that defendant-officer knowingly engaged in misconduct before the grand jury overcame the presumption of probable cause).[4]

II. <u>Excessive Force Based on the Handcuffing of Plaintiff</u>

Defendants argue that Plaintiff's excessive force claim fails to the extent that it is based on the allegation that Plaintiff was handcuffed too tightly. (Def's Objs. at 11-13.) In recommending that Plaintiff's excessive force claim should survive summary judgment, Judge Gold did not focus or rely on Plaintiff's handcuffing allegation. Rather, Judge Gold's decision was based on Plaintiff's claims that he was thrown out of his car and that the Defendant-Officers had their feet on his neck, back, and head for approximately five minutes for no apparent

---

[4] Furthermore, any presumption of probable cause would only apply to Plaintiff's malicious prosecution claim relating to the August 27, 2009 criminal weapons possession prosecution, and not the August 5, 2009 robbery prosecution, since Plaintiff was never indicted for the August 5, 2009 robbery. (*See* Dkt. 35-15 (Indictment).)

4

purpose. (Dkt. 50 at 12-13.) In order to resolve any ambiguity on this issue, the Court now expressly finds that Plaintiff has failed to demonstrate a material factual dispute about whether he was subjected to excessive force based on being handcuffed too tightly.

"Courts apply a separate standard to claims for excessive force in the use of handcuffs." *Sachs v. Cantwell*, No. 10 Civ. 1663, 2012 WL 3822220, at *14 (S.D.N.Y. Sept. 4, 2012). Courts recognize that, on the one hand, law enforcement officers must be able to apply handcuffs "tight enough to prevent the arrestee's hands from slipping out," *Esmont v. City of New* York, 371 F. Supp.2d 202, 214-15 (E.D.N.Y. 2005), but that, on the other hand, "overly tight handcuffing can constitute excessive force." *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp.2d 459, 468 (S.D.N.Y. 2008) (citing, *inter alia*, *Kerman v. City of New York,* 261 F.3d 229, 239-40 (2d Cir. 2001)).

In determining whether handcuffing amounts to excessive force, the Court considers (1) whether the handcuffs were too tight; (2) whether the defendant-officers ignored the plaintiff-arrestee's complaints about the handcuffs being too tight; and (3) the degree of injury caused by the handcuffing. *See Lynch*, 567 F. Supp.2d at 468; *Esmont*, 371 F. Supp.2d at 215. Evidence of injury is important. *See Usavage v. Port Authority of New York and New Jersey*, 932 F. Supp.2d 575, 592 (S.D.N.Y. 2013) ("The injury requirement is 'particularly important'.") (quoting *Sachs*, 2012 WL 3822220, at *14). Courts in this Circuit generally agree that handcuffing does not amount to excessive force "unless it causes some injury beyond temporary discomfort." *Lynch*, 567 F. Supp.2d at 468 (citing cases).

Here, other than claiming that he was handcuffed too tightly, Plaintiff has failed to offer evidence establishing any of the other excessive force criteria in connection with his handcuffing by the Defendant-Officers. Plaintiff does not allege or prove that he complained to Defendants

about the handcuffs being too tight. Nor does he offer evidence of injury beyond self-reports that he was "handcuffed too tightly," that his hand "felt funny," and that the "cuffs cut deep into his skin[,] and his hand was swollen from the handcuffs." (Dkt. 47 (Plaintiff's Memorandum of Law in Opposition to Defendants' Summary Judgment Motion) at 4 (citing Hanniford's Deposition Transcript ("Hanniford Tr.") at 111, 112, 129,141-142).) Notably, Plaintiff did not seek medical treatment for any injuries to his hands. (Dkt. 47 at 4 ("Other than consulting with the nurse during admissions, [Plaintiff] did not seek further medical treatment while at Rikers Island.") (citing Hanniford Tr. at 142).) *See*, *e.g.*, *Usavage*, 932 F. Supp.2d at 592 (noting that "[t]he most common injuries to satisfy the injury requirement in handcuff cases are scarring and nerve damage") (citing cases). Given the lack of either complaint or injury evidence, the Court finds that Defendants' handcuffing of Plaintiff cannot support an excessive force claim.

III.  Qualified Immunity

Defendants argue that even accepting that there is material dispute about whether probable cause existed, Defendants could still have reasonably believed that there was probable cause to arrest and prosecute, and are therefore entitled to qualified immunity. (Def's Objs. at 15); *see Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity protects government officials from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Court disagrees.

At the summary judgment stage, the question is whether plaintiff has raised a genuine issue of material fact as to whether "officers of reasonable competence could disagree on the legality of the defendant[s'] actions." *Usavage*, 932 F. Supp.2d at 594 (quoting *Green v. Montgomery*, 219 F.3d 52, 59 (2d Cir. 2000) (quotation marks omitted)); *see Zellner v.*

6

*Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007) ("Whether a defendant officer's conduct was objectively reasonable is a mixed question of law and fact."). Here, the existence of disputed material facts relating to probable cause precludes a finding of qualified immunity as a matter of law. To the extent a jury could find that there was no probable cause to arrest or prosecute Plaintiff, it could also find that Defendants knew that by arresting and prosecuting Plaintiff without probable cause, they were violating Plaintiff's well-established right not to be arrested or prosecuted without such probable cause. Defendants' contrary argument fails to accept, as it must for purposes of summary judgment, that there are genuine disputes about facts critical to establishing probable cause for Plaintiff's arrest and prosecution, *i.e.*, (1) whether the victims of the August 5, 2009 robbery were able to identify the perpetrators of the robbery; and (2) whether Plaintiff or anyone in the vehicle in which he was riding on August 27, 2009 possessed a gun. If the jury resolves either factual issue against Defendants, it could also find that some or all of the Defendants knew that probable cause was lacking as to one or both crimes with which Plaintiff was charged and that they were acting illegally by arresting and prosecuting him. Such a finding would clearly preclude qualified immunity as to those Defendants.

Accordingly, the Court finds that Defendants are not entitled to summary judgment with respect to qualified immunity.

CONCLUSION

The Court adopts the Report and Recommendation of the Honorable Steven M. Gold in this matter in its entirety, and, accordingly, denies Plaintiff's and Defendants' summary judgment motions, except as to Defendants' motion relating to the Sixth, Seventh, and Eighth Causes of Action of the Complaint, which are hereby dismissed with prejudice. The parties are

directed to submit a Joint Pretrial Order, consistent with the Court's Individual Rules, by May 1, 2015.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: February 11, 2015
       Brooklyn, New York